UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:15-cr-371

        Plaintiff

v.   ORDER

Ira Brown,

        Defendant

This matter is before me on Defendant's motion to either compel the Government to release the identity of its confidential informant ("CI") or conduct an in camera interview of the CI to determine the relevance and helpfulness of the CI's identity to the defense. (Doc. No. 12). The Government opposes (Doc. No. 14). Defendant has replied (Doc. No. 19).

In refusing to reveal the identity of its CI, the Government has invoked its privilege, often known as the informer's privilege, "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The scope of this privilege is limited and can be overcome when a defendant demonstrates "the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause . . . ." *Id.* at 60-61. More than offering a conclusory statement of potential usefulness, a defendant must "show how disclosure of the informant would substantively assist his defense." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992).

Defendant fails to meet his burden under *Roviaro*. Defendant relies on the allegation that the CI "orchestrated and carried out the sale of the firearm" Defendant is charged with possessing.

(Doc. No. 12 at 4). Thus, Defendant refers to the CI as his "one material witness" and suggests the CI may reveal an entrapment or cast doubt upon the identification of Defendant as the perpetrator. (Doc. No. 12 at 3). These suggestions, however, are not enough to justify either revealing the CI's identity or conducting an in camera interview of the CI. *See Untied States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985) (requiring a defendant to produce evidence of entrapment before compelling release of a CI's identity or an in camera interview); *Moore*, 954 F.2d at 381 (affirming the district court's refusal to compel disclosure of the CI when the defendant "advanced no more than a simple statement that [the CI's] testimony might assist in his defense").

In the event this case proceeds to trial and the Government decides to call the CI as a witness, the Government will no longer claim the *Roviaro* privilege. (Doc. No. 14 at 8). But should the Government decide not to call the CI as a witness at trial, and should Defendant demonstrate his need for the CI's identity under *Roviaro*, Defendant may renew his motion.

Accordingly, Defendant's motion to compel release of the CI's identity or to conduct an in camera interview is denied. (Doc. No. 12).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge