UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                Case No. 15-cr-371

        Plaintiff

   v.                                                    MEMORANDUM OPINION

Ira Brown,

        Defendant


I.      INTRODUCTION

Before me is Defendant Ira Brown's motion for a pre-plea determination of the applicability of the Armed Career Criminal Act (ACCA) Sentence Enhancement (Doc. No. 34), to which the government responded. (Doc. No. 35).

II.     BACKGROUND

On October 7, 2015, Defendant Ira Brown was charged with the offense of felon in possession under 18 U.S.C. § 922(g)(1). (Doc. No. 1). The indictment cited Brown's 2007 robbery conviction in the Lucas County Court of Common Pleas as the predicate offense. *Id.* Before deciding whether to enter a plea agreement, Brown moved for a determination of his criminal history. (Doc. No. 20). I granted his motion and the United States Pretrial Services prepared a criminal history category report. (Doc. Nos. 21, 22).

The criminal history report identified three felonies that may enhance Brown's sentencing guideline or qualify Brown as an armed career criminal under the ACCA. The convictions include: (1) a 2005 robbery in the Lucas County Juvenile Court; (2) a 2007 robbery in the Lucas County

Court of Common Pleas; and (3) a 2014 assault with a deadly weapon in the 171st Judicial District Court, El Paso, Texas.

The government offered Brown a plea agreement. But before accepting, Brown asks that I make a determination as to whether he is subject to a mandatory minimum sentence under the ACCA because of his criminal history. The government does not object to his request, but reserves the right to seek applicability of the enhancement if Brown rejects the plea agreement and proceeds to trial.

### III. STANDARD

The ACCA applies to defendants with three convictions for violent felonies or serious drug offenses, incurred during three separate incidents. 18 U.S.C. § 924(e). A violent felony is "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at § 924(e)(2)(B). Physical force under the statute means "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). If a defendant has three convictions that qualify as violent felonies or serious drug offenses under the definition of the statute, he must be sentenced to a minimum of fifteen years. 18 U.S.C. § 924(e)(1).

### IV. DISCUSSION

Brown was convicted of robbery in violation of Ohio Revised Code § 2911.02 twice, first as a juvenile in 2005[1] and again as an adult in 2007. The Code provides,

> (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
>     (1) Have a deadly weapon on or about the offender's person or under the offender's control;

---
[1] Although Brown was "found delinquent" of this felony, the ACCA states that "the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. § 924(e)(2)(C). For the purpose of this analysis, I will refer to the finding of delinquency as a conviction since Brown was found delinquent of the second-degree felony of robbery under Ohio law.

2

>    (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
>    (3) Use or threaten the immediate use of force against another.
>  (B) Whoever violates this section is guilty of robbery. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree.

O.R.C. § 2911.02. The 2005 conviction was a second-degree felony; the 2007 conviction was a third degree felony. As evident by the language of the statute, the 2007 third-degree felony involved use or threatened use of physical force and qualifies as a "violent felony" under the ACCA. The Sixth Circuit has also ruled that the second-degree felony of robbery "counts as a violent felony under the elements clause" of the ACCA. *United States v. Patterson*, 853 F.3d 298, 303 (6th Cir. 2017) (noting that robbery under O.R.C. § 2911.02 (A)(2) was a violent offense under the ACCA and holding the greater offense of aggravated robbery under O.R.C. § 2911.02(A)(1) also qualified as a violent felony under the ACCA) (citing *United States v. Finley*, No. 15–6222, at 2–3 (6th Cir. Feb. 22, 2017) (order)). Each of Brown's robbery convictions in Ohio count as violent felonies under the ACCA.

The remaining felony in question is aggravated assault using a deadly weapon under Texas Penal Statute 22.02(a)(2). The statute states, "A person commits an offense if the person commits assault as defined in § 22.01 and the person… uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE § 22.02(a)(2). Section 22.01 defines "assault" as

> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE § 22.01(a). Because a conviction of "Texas aggravated assault using a deadly weapon includes the use of or threatened use of force, it qualifies as a violent felony… and is therefore a proper predicate ACCA offense." *United States v. Gonzales*, 2017 WL 978700, at *5 (S.D. Tex. Mar. 13, 2017) (citing *United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017); *United States v. Guzman*, 797 F.3d 346, 347-48 (5th Cir. 2015), *cert. denied*, 136 S.Ct. 851 (2016)); *see also Garcia v.*

3

*United States*, No. 2017 WL 2562680, at *7 (S.D. Tex. May 16, 2017) (finding a violation of § 22.02(a)(2) was a "crime of violence" under USSG § 4B1.2(a)(1), which is worded identically to a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i), and citing authority in support). Therefore, I find the 2014 Texas conviction of aggravated assault with a deadly weapon to be Brown's third violent felony under the ACCA.

V. CONCLUSION

Because Brown committed three violent felonies on separate occasions, he is an armed career criminal as defined by the ACCA and is subject to the mandatory minimum. So Ordered.

s/ Jeffrey J. Helmick
United States District Judge